IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAJRA KAMANI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3282 |
| | § | |
| ALBERTO GONZALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs have filed a complaint for a writ of mandamus under 28 U.S.C. § 1361, seeking to compel the defendants to adjudicate a motion to reopen an administrative proceeding for the adjustment of immigration status. The defendants have filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the case has become moot. The plaintiffs have not filed a response and their time to do so has expired. After reviewing all of the pleadings, and the applicable law, the Court grants the defendants' motion and dismisses this case for reasons set forth briefly below.

**I.    BACKGROUND**

The plaintiffs in this case, Hajra Kamani (A75-359-336) and Haroon Pariani (A74-698-536), report that they are husband and wife. Both are natives and citizens of Pakistan. They have sued United States Attorney General Alberto Gonzales and Sharon Hudson, who serves as the local District Director of the United States Citizenship and Information Service ("CIS"). The plaintiffs seek relief in the nature of mandamus under 28 U.S.C. § 1361.

Specifically, they seek an order compelling the defendants to adjudicate a motion to reopen an administrative proceeding in which they had sought to adjust their immigration status to lawful permanent residents.

The record reflects that the plaintiffs were denied an adjustment of immigration status after an investigation revealed evidence of fraud or willful misrepresentations of material facts in the application process. The plaintiffs reportedly filed a motion to reopen the administrative proceeding on or about April 21, 2004. After waiting over a year for a ruling on the motion to reopen, the plaintiffs filed the pending petition for a writ of mandamus on September 20, 2005. The plaintiffs argue that the delay violates the Administrative Procedures Act, 5 U.S.C. § 701, and they seek a writ of mandamus to compel the defendants to adjudicate the motion to reopen.

In response to the plaintiffs' mandamus petition, the defendants have filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The motion is accompanied evidence showing that the motion to reopen has been ruled upon. (Doc. # 9, Exhibit A). Thus, the defendants maintain that subject matter is lacking because the case has become moot.

## II.   SUBJECT MATTER JURISDICTION

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual

disputes in order to satisfy itself that it has the power to hear the case." *Id.* In this instance, it is apparent that the Court lacks subject matter jurisdiction because the case has become moot.

A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477).

The only relief sought by the plaintiffs in this case was a writ of mandamus to compel a ruling by the defendants on the pending motion to reopen administrative proceedings. It is undisputed that the motion to reopen has now been adjudicated. Because the object of the plaintiffs' lawsuit has been attained, there is nothing left for this Court to remedy. The Court concludes, therefore, that the case is moot and that it must be dismissed for lack of subject matter jurisdiction.

**III.   CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. # 9) is **GRANTED**.

2.       This case is **DISMISSED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **September 18, 2006.**

_____
Nancy F. Atlas
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAJRA KAMANI, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-3282 |
| ALBERTO GONZALES, *et al.*, | § § § | |
| Defendants. | § | |

## **FINAL JUDGMENT**

For the reasons set out in the Court's *Memorandum and Order* signed this date, this case is **DISMISSED** as moot.

This is a **FINAL JUDGMENT**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____, 2006.


_____
NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE